## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **THOMAS SATTERTHWAITE,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No. 4:18-cv-00884-ALM-CAN** |
| | § | |
| **FIRST BANK MORTGAGE, N.A.,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT FIRST BANK MORTGAGE, N.A.'S  MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant First Bank Mortgage, N.A. ("First Bank") file this Motion to Dismiss Plaintiff's claims against it for failure to state a claim upon which relief can be granted, and in support thereof shows the Court as follows:

### I.
### SUMMARY

1.     Defendant First Bank Mortgage, N.A. is Plaintiff's mortgagee with respect to a home loan taken out by Plaintiff in 2005.  Specifically, First Bank is the holder of a Promissory Note executed by Thomas Satterthwaite, Jr. and, Jessica Shaw, on July 28, 2005.  The Note was originally in the principal amount of $289,340.00.  The Note is secured by a deed of trust ("Deed of Trust") recorded in the deed records of Denton County, Texas as Document No. 2005-96167. First Bank is the beneficiary of the Deed of Trust.  Through the Deed of Trust, Plaintiff pledged real property commonly known as 3417 Delford Drive, Frisco, Texas 75033 (the "Property")[1], as collateral for repayment of the Note.

---

[1] The Property is legally described as:

LOT 5, BLOCK D, HEATHER RIDGE ESTATES, PHASE V, AN ADDITION TO THE CITY OF FRISCO, DENTON COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF

2.     Plaintiff ceased making his required payments under the Note, the Note now being due for the February 1, 2016 payment and all subsequent payments.  Plaintiff was sent written notice of his default on June 18, 2018 via United States Postal Service Certified Mail #70121010000220759304.[2]  Plaintiff was informed in the notice that if he failed to cure the default on or before July 23, 2018, that the sums secured by the Deed of Trust would be accelerated.

3.     Plaintiff failed to cure his default with the thirty-three day time period provided him in the Notice of Default.  Given Plaintiff's failure to cure his default, First Bank sent Plaintiff both a Notice of Acceleration and a Notice of Trustee's Sale.  The Notice of Acceleration and the Notice of Trustee's Sale were mailed to Plaintiff via certified mail on August 13, 2018.  The Notice of Trustee's Sale complied with the mailing requirements of Tex. Prop. Code §51.002, and provided Plaintiff with more than twenty-one days advance notice of the foreclosure sale scheduled for September 4, 2018.

4.     On September 4, 2018, the Property was sold at the scheduled foreclosure sale. Defendant First Bank was the highest bidder at the sale, the Substitute Trustee's Deed reflecting that First Bank paid $442,310.43 for the Property at the sale.  The most recent tax appraisal for the Property valued the Property at $514,628.00.  [Doc. 1, Ex. F].

5.     Plaintiff's First Amended Petition [Doc. 3] takes issue with the validity of the foreclosure sale of the Property.  Plaintiff alleges:

---

RECORDED IN CABINET V, SLIDE 834, OF THE PLAT RECORDS OF DENTON COUNTY, TEXAS.

[2] Although generally the court may not look beyond the pleadings, the court may examine the complaint, documents attached to the motion to dismiss which the complaint refers and which are central to the plaintiff's claims.  *Munoz v. HSBC Bank USA, N.A.,* No. H-12-0894, 2013 WL 265982 *2 (S.D. Tex. 2013); citing, *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594F.3d 383, 387 (5th Cir. 2010)); *Collins v. Morgan Stanley Dean Witter,* 244 F.3d 496, 498-499 (5th Cir. 2000). Further, "even if not attached or incorporated by reference, a document 'upon which the complaint solely relies and which is integral to the complaint' may be considered by the court in ruling on an FRCP 12(b)(6) motion. *Roth v. Jennings,* 489 F.3d 499, 509 (2d. Cir. 2007).

    a.)    Plaintiff was not provided with proper notice of the foreclosure sale;

    b.)    The foreclosure sale price received was inadequate; and

    c.)    The foreclosure sale should be set aside.

6.    Plaintiff fails to state a claim against First Bank given that:

    a.)    Notices of default, acceleration and sale were all sent as required;

    b.)    Any sale price in excess of 50% of the Property's value is deemed adequate as a matter of law; and

    c.)    A requirement of rescission of a foreclosure sale is that a mortgagor must first tender the amount of the outstanding debt.

## II.
## ARGUMENT AND AUTHORITIES

### The Applicable Standard for a 12(B)(6) Motion.

7.    To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 and 1966 n.5 (2007).  Even though the complaint is to be construed liberally and in the light most favorable to the nonmoving party, a plaintiff must plead enough facts to state a claim that is at least plausible on its face. *Id.* at 1973-74.  Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)).  A complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief." *Id*. at 1966. This standard is referred to as the "flexible plausibility standard." *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

## Notices all Properly Sent to Plaintiff.

8.      Plaintiff's Amended Petition [Doc. 3] is entirely based on the premise that he was not properly given notice of default, notice of acceleration and notice of the foreclosure sale. Plaintiff's understanding of the law on this topic is fatally flawed.  The Deed of Trust and §51.002 of the Texas Property Code provide specific guidelines regarding how notice is to be delivered to a mortgagor with respect to default and acceleration.   First, Plaintiff may be confused as to when a notice of default or acceleration is deemed to have been given.  Texas law does not require actual receipt of a notice of default, Texas Property Code §51.002 clarifies that,

> (e) Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service.

Tex. Prop. Code §51.002.

9.      Notice of Intent to Accelerate (a/k/a Notice of Default) was deemed given on June 18, 2018 when First Bank sent the notice to Plaintiff via certified mail.[3]  The Notice of Acceleration and Notice of Foreclosure was deemed given to Plaintiff on August 13, 2018 when First Bank sent the notice via certified mail.[4]

10.      Plaintiff also takes issue with the timing when each notice was given in relation to the other notices.  Plaintiff is once again mistaken with respect to the facts of his own case.  Texas

---

[3] *See* **Exhibit A**, Notice of Default and United States Postal Service Tracking Results. The Notice of Default is properly attached to this Motion for the Court's review and may be considered without converting this Motion to a motion for summary judgment because it is central to Plaintiff's claims and is referenced in the Complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Defendants request that the Court take judicial notice of the United States Postal Service Tracking Results taken from the official United States Postal Service website.

[4] *See* **Exhibit B,** Notice of Acceleration and United States Postal Service Tracking Results. The Notice of Acceleration is properly attached to this Motion for the Court's review and may be considered without converting this Motion to a motion for summary judgment because it is central to Plaintiff's claims and is referenced in the Complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Defendants request that the Court take judicial notice of the United States Postal Service Tracking Results taken from the official United States Postal Service website.

statute provides that a mortgagee must give a mortgagor "at least 20 days to cure the default before notice of sale can be given...".  *See,* Tex. Prop. Code §51.002.  The Deed of Trust expands that time period to thirty days by expanding the time period in which Plaintiff could have cured his default before his debt could have been accelerated.[5]

11.     In comparing the contractual requirements to First Bank's actions it is apparent that First Bank gave Plaintiff well more than thirty days to cure his default before the debt was accelerated and the Property was posted for foreclosure sale.  Specifically, the Notice of Intent to Accelerate was sent on June 18, 2018, with the Notice of Acceleration and Notice of Trustee's Sale not being sent until August 13, 2018 (fifty-five days later).

12.     Texas statute also provides that a mortgagor is entitled to twenty-one day's notice of a foreclosure sale. See, §51.002(b).  Herein, Plaintiff was given twenty-two days notice of the impending sale.  Notice was given on August 13, 2018, with the sale being conducted on September 4, 2018.  As provided by §51.002(g) in computing the required twenty-one day notice, the day of mailing of the notice is to be counted in computing the time period but the day of the sale is to be excluded.  see, Tex. Prop. Code §512.002(g).

**<u>Foreclosure Sale Price is Adequate as a Matter of Law.</u>**

13.     Plaintiff cannot establish any essential element of his claim for wrongful foreclosure. To prevail on a wrongful foreclosure claim, Plaintiff must establish (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate sales price, and (3) a causal connection between the defect and the grossly inadequate sales price. See, *Sauceda v. GMAC Mortg. Corp.*,

---

[5] *See* **<u>Exhibit C</u>,** Deed of Trust which is filed in the Official Public Records of Denton County, Texas at Doc No. 2005-961677.  The Deed of Trust is properly attached to this Motion for the Court's review and may be considered without converting this Motion to a motion for summary judgment because it is central to Plaintiff's claims and is referenced in the Complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Defendants request that the Court take judicial notice of the Official Public Records.

268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.); *Charter Nat'l Bank-Houston v. Stevens,* 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, *writ denied*). A wrongful foreclosure claim requires evidence of an irregularity in the sale that causes the property to be sold at a grossly inadequate price. *See American Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975).  Plaintiffs' allegations that the sale was defective (based on lack of proper notices) is factually incorrect as outlined above.  However, even if there was a defect with one of the notices (which is denied), the defect did not result in a grossly inadequate sale price as the sale price was approximately 86% of the Property's appraised value.

14.    As discussed by the United States District Court for the Western District of Texas in *Porterfield v. JP Morgan Chase, N.A.*, even if the mortgagor therein proved that there was defect with the notice requirements for the foreclosure sale, the mortgagor would still have to establish that the defect resulted in a grossly inadequate sales price.  *See, Porterfield v. JP Morgan Chase, N.A*, 2014 WL 3587783 (W.D. Tex. 2014).  Texas caselaw establishes that a foreclosure sale price exceeding 50% of a property's value is not grossly inadequate as a matter of law.  *Id.*  at 18; also see, *Water Dynamics, Ltd. v. HSBC Bank USA, Nat.  Ass'n*, 509 Fed. Appx. 367 (5th Cir. 2013); *Terra XXI, Ltd. v. Harmon*, 279 S.W.3d 781, 788 (Tex. App.—Amarillo 2007, pet. denied).

15.    According to the Denton County Appraisal District, the 2017 appraisal value of Plaintiff's Property was $514,628.00. *See* Doc. 1-6.  The Property sold for $442,310.43 at the September 4, 2018 foreclosure sale, roughly 86% of the Property's value.[6]  Without a defect in the

---

[6] *See* **Exhibit D,** Substitute Trustee's Deed which is filed in the Official Public Records of Denton County, Texas at Doc No. 110871.  The Substitute Trustee's Deed is properly attached to this Motion for the Court's review and may be considered without converting this Motion to a motion for summary judgment because it is central to Plaintiff's claims and is referenced in the Complaint. *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Defendants request that the Court take judicial notice of the Official Public Records.

sale proceedings, coupled with a grossly inadequate sales price at the foreclosure sale, Plaintiff's wrongful foreclosure fails as a matter of law.

### Rescission of a Foreclosure Sale Requires Tender of Payoff Funds.

16.     Under Texas law, the proper remedy for wrongful foreclosure is either (1) the setting aside of the foreclosure sale, or (2) damages equal to the difference between the value of the property and the indebtedness. *Diversified, Inc. v. Gibraltar Sav. Ass'n*, 762 S.W.2d 620, 623 (Tex. App.—Houston [14th Dist.] 1988, writ denied); *see also Farrell v. Hunt*, 714 S.W.2d 298, 299 (Tex. 1986). Here, Plaintiff seeks to set the foreclosure sale aside. *See* Pls.' First Am. Pet. at ¶ C [Doc. 3].

17.     To set aside the foreclosure sale, a mortgagor must tender the amount owed on the mortgage. *Galvan v. Centex Home Equity Co., L.L.C.*, No. 04-06-00820-CV, 2008 WL 441773, at *4 (Tex. App.—San Antonio Feb. 20, 2008, no pet.) ("Setting aside a trustee sale is an equitable remedy which requires the mortgagor to make a valid tender of the amount due to receive equity."); *Lambert v. First Nat'l Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.— Fort Worth 1999, pet. denied); *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.— Houston [14th Dist.] 1986, writ ref'd n.r.e.).

18.     Plaintiff has not offered to tender, or demonstrated that he is even capable of tendering, the amount due under the Loan. Plaintiff's unwillingness or inability to unequivocally tender the full amount due and owing on the Loan extinguishes his claim for rescission of the foreclosure. *See Raney v. Mack*, 504 S.W.2d 527, 534 (Tex. Civ. App.—Texarkana 1973, no writ) (holding that an actual tender or offer to tender is a condition precedent to rescission remedy); *Beck v. Humphreys*, 160 S.W.2d 85, 86 (Tex. Civ. App.—San Antonio 1942, writ ref'd w.o.m.).

Because Plaintiff cannot show he is entitled to set the foreclosure sale aside, his wrongful foreclosure claim fails as a matter of law.

## III.
## CONCLUSION

19.     Plaintiff's allegations do not give rise to a plausible cause of action for quiet title or declaratory relief.  Even if all facts alleged by Plaintiff are assumed true, no viable cause of action exists against Defendant. As such, Plaintiff's claims against First Bank should be dismissed with prejudice pursuant to Rule 12(b)(6).

## PRAYER

Pursuant the reasons set out herein, First Bank respectfully request that the Court dismiss Plaintiffs' Complaint against them for failure to state a claim upon which relief can be granted and further request that the Court grant them any and all additional relief, whether at law or in equity, to which they may be justly entitled.

**CODILIS & STAWIARSKI, P.C.**

_/s/ Lisa L. Cockrell_
Lisa L. Cockrell
State Bar No. 24036379
400 N. Sam Houston Parkway, Suite 900A
Houston, Texas 77060
Tel: (281) 925-5200
Fax: (281) 925-5300
Lisa.Cockrell@tx.cslegal.com

**ATTORNEYS FOR FIRST BANK MORTGAGE, N.A.**

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on the 27th day of December 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

Steven L. Dryzer
Law Offices of Steven L. Dryzer
P.O. Box 670145
Dallas, Texas 75230
(214) 850-7007
(214) 902-8708(Telecopier)
sld@airmail.net

Thomas C. Barron
Law Offices of Thomas C. Barron
P.O. Box 141323
Dallas, Texas 75214
(214) 855-6631
(214) 855-6633Telecopier)
tbarron@barronlawfirm.com

          */s/ Lisa L. Cockrell*
          Lisa L. Cockrell